# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE

_____

ANDREA N. SMITH, Personal Representative
of the Estate of ANGELA H. PURNELL and
TIFFANY S. GAILES, Personal Representative
of the Estate of PAUL RAVEN PURNELL,

    Plaintiffs,

v().                                              Case No.: _____
                                                                                               JURY DEMANDED

HANNIGAN FAIRING CO., LTD.,
Operating under the assumed name of
HANNIGAN MOTOR SPORTS and
DODD SALES, LLC,

    Defendants.
_____

## COMPLAINT
_____

    COMES the Plaintiffs, ANDREA N. SMITH, Personal Representative of the Estate of ANGELA H. PURNELL and TIFFANY S. GAILES, Personal Representative of the Estate of PAUL RAVEN PURNELL (hereinafter "Plaintiffs"), and sues the Defendants, HANNIGAN FAIRING CO., LTD., Operating under the assumed name of HANNIGAN MOTOR SPORTS (hereinafter "Hannigan") and DODD SALES, LLC (hereinafter "Dodd"), and for cause of action say:

    1.    This action is brought pursuant to 28 U.S.C.S. §1332 as the amount in controversy, exclusive of the interest and court costs, exceeds Seventy-Five Thousand ($75,000.00) Dollars and the parties are citizens of different states. The deceased, ANGELA H. PURNELL and her husband, PAUL RAVEN PURNELL, were citizens of Memphis, Shelby County, Tennessee, and the Defendants, HANNIGAN, a

domestic corporation organized and existing under the laws of the state of Kentucky and DODD, is a domestic limited liability company organized, existing and operating in the state of Alabama.

2. The Plaintiff, ANDREA N. SMITH, is the Personal Representative of the Estate of ANGELA H. PURNELL, having been appointed by order of the Probate Court of Shelby County, Tennessee (Docket No. PR 21265), on February 9, 2022.

3. The Plaintiff, TIFFANY S. GAILES, is the Personal Representative of the Estate of PAUL RAVEN PURNELL, having been appointed on February 14, 2022, by the Probate Court of Shelby County, Tennessee (Docket No. PR 021511).

4. The Defendant, HANNIGAN FAIRING CO., LTD., Operating under the assumed name of HANNIGAN MOTOR SPORTS, is a domestic corporation organized and existing under the laws of the state of Kentucky. It may be served at the office of its registered agent, DAVID ERNEST HANNIGAN, at 4044 Highway 641S, Murray, Kentucky 42071.

5. The Defendant, DODD SALES, LLC, is a domestic limited liability company organized and operating in the state of Alabama. It may be served with process at the offices of its registered agent, STEVE DODD at 1355 11th Avenue, Haleyville, Alabama 35565.

6. This action is brought by the Plaintiff, ANDREA N. SMITH, as the Personal Representative of the Estate of her mother, ANGELA H. PURNELL, for the benefit of herself and her brother, OLAN C. SMITH.

7. This action is also brought by the Plaintiff, TIFFANY S. GAILES, as the Personal Representative of the Estate of her father, PAUL RAVEN PURNELL, for the

benefit of herself and her brother, DARIUS PURNELL.

8. On or about May 3, 2021, the Purnells purchased a trike from the Defendant, DODD. The trike was converted sometime prior to the date of sale from a 2008 Honda GL18 Goldwing Motorcycle (VIN 1HFSC47F38A711124) by DODD or HANNIGAN from the use of a Hannigan trike kit, manufactured, assembled and/or designed by the Defendant, HANNIGAN.

9. It is the Plaintiffs understanding that the HANNIGAN trike kits are installed either by HANNIGAN or someone at DODD trained by HANNIGAN.

10. On September 25, 2021, at approximately 5:25 p.m., the deceased, PAUL RAVEN PURNELL, an experienced motorcycle operator and driver's education instructor, was traveling north bound on US 129 Highway/Calderwood, in Knoxville, Blount County, Tennessee, on the above-described trick with his wife, ANGELA H. PURNELL, as a passenger.

11. The parties were traveling down hill on US 129 Highway/Calderwood and started experiencing problems with their brakes and could stop as they were coming to a curve. Unable to stop the trike in which they were riding, they were unable to make the turn and ran off of the road down a steep embankment.

12. Mr. Purnell's body was thrown or ejected from the trike, and he plummeted down the embankment where he was later found dead. Mrs. Purnell remained in the passenger seat and the trike struck a tree and her body was found, mangled in the seat of the trike and she was also pronounced dead at the scene.

13. An eyewitness riding on a motorcycle behind the Purnells estimated that they were traveling under 30 miles per hour in a 30 miles per hour speed zone.

14. A friend of the Purnells' and an eyewitness to the accident was traveling on another motorcycle in front of the parties, had an open phone line with Mr. Purnell right before the accident, and he indicated that Mr. Purnell complained about his inability to stop or slow down due to a failure of his braking system. A preliminary inspection of the trike indicated that the brakes are/were defective.

15. That the trike that the Purnells were riding was designed, manufactured and assembled by the Defendants and marketed in this state and others around the country through HANNIGAN'S authorized dealers and distributor, and accordingly, avails themselves of the jurisdiction of the state of Tennessee, and County of Shelby.

16. That as a manufacturer, designer, assembler and seller of said trike, the Defendants owed a duty of care to the Purnells and the public at large, to place on the market a reasonably safe product, free from defects and said duty has been breached by the Defendants in that the trike was negligently designed, manufactured, tested, assembled and marketed.

17. The Plaintiffs would show that the subject trike was manufactured, designed and assembled in such a way as to cause said trike's brakes to malfunction, thereby causing a risk of harm to users, consumers and bystanders.

18. That as manufacturer, designer, assembler and marketer, sold and marketed said trike in a condition which was defective and unreasonably dangerous by virtue of its design, manufacture, inadequate warning, and the failure to provide adequate instructions relative to its use. The Plaintiffs rely upon the doctrine of strict liability in tort as stated in the Restatement of Torts, 2d, Section 402A, and would show that the defect relied upon in the cause existed when the trike left the control of the

Defendants.

19. Plaintiffs would show how that the Defendants breached certain warranties recognized under the law, and the Plaintiffs rely upon §§ 24-2-313, 47-2-314 and 47-2-315 of the Tenn. Code Annotated pertaining to express and implied warranties applicable to the sale and purchase of said trike.

20. Plaintiffs would show that the Defendants failed to adequately test the subject trike and consequently, failed to warn users and consumers of the possible brake failure, placing the Purnells' life at risk. The Defendants marketed said trike in such a way as to induce customers to purchase said trike without providing adequate and sufficient warning that said trike did possess a propensity to suddenly and without warning experience brake failure.

21. Alternatively, the Defendants did perform some testing for purposes of evaluating the trike's prosperity for brake failure and failed to warn the general public, owners and consumers of known risks of harm associated with the use of said trike.

22. The Plaintiff, ANDREA N. SMITH, as the Personal Representative of the Estate of ANGELA H. PURNELL, seeks recovery for the benefit of herself and brother, OLAN C. SMITH, for the wrongful death of their mother, ANGELA H. PURNELL, and conscious pain and suffering prior to the death in accordance with the laws of Tennessee, and would show that at the time of death, ANGELA H. PURNELL was able-bodied and in generally good health, thereby capable of working and earning large sums of income. Plaintiff further avers that ANGELA H. PURNELL died a tragic death after falling down the embankment and striking a tree while in the passenger seat and that her death was associated with pain and suffering. One eyewitness heard her

screaming as she was falling.

23. The Plaintiff, TIFFANY S. GAILES, as the Personal Representative of the Estate of PAUL RAVEN PURNELL, seeks recovery for the benefit of herself and her brother, DARIUS PURNELL, for the wrongful death of their father, PAUL RAVEN PURNELL, and conscious pain and suffering prior to the death in accordance with the laws of Tennessee, and would show that at the time of death, PAUL RAVEN PURNELL was able-bodied and in generally good health, thereby capable of working and earning large sums of income. Plaintiff further avers that PAUL RAVEN PURNELL died a tragic death after being thrown from the trike and plummeting down the embankment and that his death was associated with pain and suffering.

24. The Defendants made representations of material facts, as alleged herein, concerning the character and quality of the trike sold by them and the representations were of such a nature as to render the Defendants strictly liable for the injuries and damages suffered by the Purnells. Defendants, acting by and through their agents, engaged in a course of advertising, marketing and promotion of said trike, which included express and implied misrepresentations of material facts concerning the character and quality of the subject trike and the Purnells as the purchasers of the trike relied upon the Defendants' representation. These misrepresentations were made by the Defendants' advertising, marketing and promotional activities, the totality of which, taken as a whole falsely represented that the trike was safe to operate.

25. All of the conduct by the Defendants described herein, proximately caused damage to the Plaintiffs thus rendering the Defendants liable to the Plaintiffs under common law and the doctrine expressed in the Restatement of Torts.

26. Plaintiffs further allege that the conduct of the Defendants in manufacturing, designing, marketing and distributing the subject trike, was undertaken willfully, wantonly and with conscious disregard for the consequences, thus constituting grounds for punitive damages.

**WHEREFORE, Plaintiffs pray as follows:**

1. That proper process issue to the Defendants requiring a response to this Complaint within the time allowed by law.

2. That the Plaintiff, ANDREA N. SMITH, as the Personal Representative of the Estate of ANGELA H. PURNELL, for the benefit of herself and brother, OLAN C. SMITH, sues the Defendants in the sum of Twelve Million Five Thousand ($12,500,000.00) Dollars for the personal injury, damages, losses and wrongful death of their mother, ANGELA H. PURNELL.

3. The Plaintiff, TIFFANY S. GAILES, as the Personal Representative of the Estate of, PAUL RAVEN PURNELL, for the benefit of herself and her brother, DARIUS PURNELL, sues the Defendants in the sum of Twelve Million Five Thousand ($12,500,000.00) Dollars for the personal injury, damages, losses and wrongful death of their father, PAUL RAVEN PURNELL.

4. That based upon the above acts or omissions constituting willful and wanton misconduct, Plaintiffs request exemplary or punitive damages in an appropriate amount consistent with the net worth of the Defendants, and in such amount that the jury, in its discretion, might determine appropriate.

5. For trial by jury.

6. For all costs of this action.

7. For all other and further relief to which Plaintiffs may prove entitled.

Respectfully Submitted,

/s/ Michael Don Harrell
Michael Don Harrell  (#009184)
Attorney for Plaintiffs
1884 Southern Avenue
Memphis, Tennessee 38114
901-274-5462
harrellandassoc@bellsouth.net