IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ANDREA N. SMITH, Personal Representative of the Estate of ANGELA H. PURNELL and TIFFANY S. GAILES, Personal Representative of the Estate of PAUL RAVEN PURNELL, <br><br> Plaintiffs, <br><br> v. <br><br> HANNIGAN FAIRING CO., LTD., Operating under the assumed name of HANNIGAN MOTOR SPORTS and DODD SALES, LLC, <br><br> Defendants. | Case No. 2:22-cv-02644-JPM-atc |

### ORDER GRANTING DEFENDANT DODD SALES, LLC'S MOTION TO DISMISS

Before the Court is Defendant Dodd Sales, LLC's ("Dodd") Motion to Dismiss for Lack of Personal Jurisdiction, filed on November 30, 2022. (ECF No. 26.) Plaintiffs Angela N. Smith, Personal Representative of the Estate of Angela H. Purnell, and Tiffany S. Gailes, Personal Representative of the Estate of Paul R. Purnell (collectively "Plaintiffs"), filed a Response on February 11, 2023. (ECF No. 39.)[1] Dodd filed a Reply on February 27, 2023. (ECF No. 41.)

For the reasons set forth below, Dodd's Motion to Dismiss is **GRANTED**.

---

[1] The Court filed an Order requiring that Plaintiffs show cause why they had not filed a Response on January 19, 2023. (ECF No. 30.) Plaintiffs requested an extension of time on January 21, 2023. (ECF No. 31.) That unopposed Motion was granted on February 6, 2023. (ECF No. 32.)

1

I.      BACKGROUND

Plaintiffs Angela N. Smith and Tiffany S. Gales bring suit on behalf of Angela and Paul Purnell, both deceased. (ECF No. 17 ¶¶ 1, 12.)

On or about May 3, 2021, Decedents purchased a "2008 Honda GL18 Goldwing Motorcycle" from Dodd. (Id. ¶ 8, ECF No. 19 ¶ 7.) Plaintiffs also allege that one of the Defendants modified the vehicle using "a Hannigan trike kit." (Id. ¶ 8.) Decedents were subsequently involved in a fatal vehicular accident in Blount County, Tennessee on September 25, 2021. (Id. ¶ 10.) Paul Purnell was driving the vehicle purchased from Dodd, and Angela Purnell was a passenger. (Id.) Plaintiffs allege that the September 25, 2021 accident resulted from a brake failure. (Id. ¶ 14.)

Defendant Dodd is an Alabama limited liability company operating out of Haleyville, Alabama. (Id. ¶ 5; ECF No. 26-1 at PageID 90.) Plaintiffs note that this is "approximately fifty (50) to seventy (70) miles from the Tennessee state line, and approximately One Hundred Seventy (170) miles from Memphis, Tennessee." (ECF No. 39 ¶ 16.) Plaintiffs allege that Dodd "has a webpage . . . which advertises their current inventory of trikes and bikes for sale on a national level." (Id. ¶ 18.) Plaintiffs also allege that "Dodd required the Purnells to execute a Limited Power of Attorney that allowed [Dodd] to deal directly with the State of Tennessee for the purpose of transferring title." (Id. ¶ 40.)

II.     LEGAL STANDARD

A defendant may challenge personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). "Personal jurisdiction . . . is 'an essential element of the jurisdiction of a district . . . court,' without which the court is 'powerless to proceed to an adjudication.'" Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1999) (quoting Insurance Corp. of Ireland v. Compagnie

des Bauxites de Guinee, 456 U.S. 694, 702 (1982)).  "The plaintiff bears the burden of making a prima facie showing of the court's personal jurisdiction over the defendant."  Intera Corp. v. Henderson, 428 F.3d 605, 615 (6th Cir. 2005).  A plaintiff "can meet this burden by establishing with reasonable particularity sufficient contacts between [defendants] and the forum state to support jurisdiction."  Neogen Corp. v. Neo Gen Screening, Inc., 282 F.3d 883, 887 (6th Cir. 2002) (citing Provident Nat'l Bank v. Cal. Fed. Sav. Loans Ass'n, 819 F.2d 434, 437 (3d Cir. 1987)) (quotation marks omitted).  A plaintiff cannot rest on the pleadings alone; by affidavit or otherwise, a plaintiff must provide specific evidence supporting the court's personal jurisdiction over a defendant.  Carrier Corp. v. Outokumpu Oyj, 673 F.3d 430, 449 (6th Cir. 2012).  If the plaintiff meets his prima facie burden, the Court must deny the motion to dismiss, "notwithstanding any controverting presentation by the moving party."  Serras v. First Tenn. Bank Nat'l Ass'n, 875 F.2d 1212, 1214 (6th Cir. 1989) (quoting Marine Midland Bank, N.A. v. Miller, 664 F.2d 889, 904 (2d Cir. 1981)).

If the court does not conduct an evidentiary hearing on the issue of personal jurisdiction, it will "not consider the facts proffered by the defendant that conflict with those offered by the plaintiff and will construe the facts in the light most favorable to the nonmoving party."  Neogen Corp., 282 F.3d at 887 (6th Cir. 2002) (quoting Provident Nat'l Bank, 819 F.2d at 437) (citation omitted).  The plaintiff's burden to establish a prima facie case of personal jurisdiction is "relatively slight" when the court relies solely on the pleadings and the parties' affidavits without holding an evidentiary hearing or directing the parties to conduct jurisdictional discovery.  Air Prods. & Controls, Inc. v. Safetech Int'l, Inc., 503 F.3d 544, 549 (6th Cir. 2007) (quoting Am. Greetings Corp. v. Cohn, 839 F.2d 1164, 1169 (6th Cir. 1988)).

"A federal court sitting in diversity may not exercise jurisdiction over a defendant unless courts of the forum state would be authorized to do so by state law—and any such exercise of jurisdiction must be compatible with the due process requirements of the United States Constitution." Int'l Techs. Consultants, Inc. v. Euroglas S.A., 107 F.3d 386, 391 (6th Cir. 1997). The jurisdictional limits of Tennessee's long-arm statute are coterminous with the limits of federal due process. Parker v. Winwood, 938 F.3d 833, 839 (6th Cir. 2019); see also First Cmty. Bank, N.A. v. First Tennessee Bank, N.A., 489 S.W.3d 369, 384 (Tenn. 2015), cert. denied sub nom. Fitch Ratings, Inc. v. First Cmty. Bank, N.A., 136 S. Ct. 2511, 195 L. Ed. 2d 841 (2016); Tenn. Code Ann. § 20-2-223(a). The Court need only determine whether exercising personal jurisdiction over the defendant is consistent with federal due process requirements. Bridgeport Music, Inc. v. Still N The Water Pub., 327 F.3d 472, 477 (6th Cir. 2003). The Due Process Clause of the Fifth Amendment requires that a non-resident defendant have at least "certain minimum contacts with the [forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Youn v. Track, Inc., 324 F.3d 409, 417 (6th Cir. 2003) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

"There are two kinds of personal jurisdiction within the Federal Due Process inquiry: (1) general personal jurisdiction, where the suit does not arise from defendant's contacts with the forum state; and (2) specific jurisdiction, where the suit does arise from the defendant's contacts with the forum state." Conn v. Zakharov, 667 F.3d 705, 712–13 (6th Cir. 2012). General jurisdiction exists when the defendant's affiliations with the forum state are "so 'continuous and systematic' as to render" the defendant "essentially at home" there. Malone v. Stanley Black & Decker, Inc., 965 F.3d 499, 501 (6th Cir. 2020) (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)). Specific jurisdiction "exposes the defendant to suit in the

4

forum state only on claims that arise out of or relate to a defendant's contacts with the forum." Kerry Steel, Inc. v. Paragon Indus., Inc., 106 F.3d 147, 149 (6th Cir. 1997). The Sixth Circuit has established the following three-part test for specific personal jurisdiction, referred to as the Mohasco test:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequence caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

S. Mach. Co. v. Mohasco Indus., Inc., 401 F.2d 374, 381 (6th Cir.1968); see also Harmer v. Colom, 650 F. App'x 267, 272 (6th Cir. 2016).

### III. ANALYSIS

"On its face, the complaint makes no allegations supporting general personal jurisdiction." Malone, 965 F.3d at 502. Nor do the facts, when viewed in a light most favorable to the Plaintiffs, establish that Dodd has continuous and systematic contacts with Tennessee that would subject the company to general jurisdiction in that state. Plaintiffs make no argument that Dodd has its principal place of business in Tennessee or that its state of incorporation is Tennessee. (See generally ECF Nos. 1, 39; see also Hertz Corp. v. Friend, 559 U.S. 77 (2010).) Dodd argues that Plaintiffs travelled to Alabama to purchase the vehicle, that Dodd's business transactions with Plaintiffs occurred in Alabama, and that the accident at issue occurred in Tennessee. (ECF No. 26-1 at PageID 90.) Defendant pleads no facts to the contrary. (See generally ECF No. 17.) "[T]he fact that [Dodd] maintains a website that is accessible to anyone over the Internet is insufficient to justify general jurisdiction." Bird v. Parsons, 289 F.3d 865, 874 (6th Cir. 2002). Dodd's location "approximately fifty (50) to seventy (70) miles from the Tennessee state line, and approximately One Hundred Seventy (170) miles from Memphis, Tennessee" is insufficient to establish

5

continuous and systematic contacts with the state of Tennessee. (ECF No. 39 ¶ 16.) For this reason, the Court will only further consider whether it has specific jurisdiction over Dodd in the instant case.

### A. Purposeful Availment

The Court must first consider whether "Dodd purposefully avail[ed itself] of the privilege of acting in the forum state or caus[ed] a consequence in the forum state" of Tennessee. S. Mach. Co., 401 F.2d at 381. "As explained below, Plaintiffs have not established the first prong of the Mohasco test[,] . . . thus, the Court need not consider the remaining two prongs." Guangzhou Consortium Display Prod. Co. v. PNC Bank, Nat. Ass'n, 924 F. Supp. 2d 800, 807 (E.D. Ky. 2013) (citing LAK, Inc. v. Deer Creek Enters., 885 F.2d 1293, 1303 (6th Cir. 1989)).

### i. Dodd's Internet Contacts are Insufficient to Confer Jurisdiction

Contacts over the internet can be sufficient to meet the standard of purposeful availment in certain circumstances. See, e.g., Bird, 289 F.3d at 874–76. However, "publication of a web page, without more, is not an act by which a party purposefully avails itself of the privilege of conducting business in the forum state." Sports Auth. Mich., Inc., v. Justballs, Inc., 97 F. Supp. 2d 806, 812 (E.D. Mich. 2000). "A defendant purposefully avails itself of the privilege of acting in a state through its website if the website is interactive to a degree that reveals specifically intended interaction with residents of the state." Neogen Corp. v. Neo Gen Screening, Inc., 282 F.3d 883, 890 (6th Cir. 2002). "In evaluating whether the defendant's contact with the forum state constituted purposeful availment, this and other circuits have used the 'Zippo sliding scale' approach, which distinguishes between interactive websites, where the defendant establishes repeated online contacts with residents of the forum state, and websites that are passive, where the defendant merely posts information on the site." Cadle Co. v. Schlichtmann, 123 F. App'x 675, 678 (6th Cir.

6

2005); see also Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F. Supp. 1119, 1124 (W.D. Pa. 1997). "Interactive websites can subject the defendant to specific personal jurisdiction, whereas passive websites are less likely to confer such jurisdiction." Id.

Plaintiffs note that Dodd runs both a website and a Facebook page. (ECF No. 39 ¶¶ 18–19.) Plaintiffs describe Dodd's website as "highly interactive" because it provides information about the vehicles Dodd has for sale, including photographs and the "year, make, model, available add-ons, [and] price." (Id. ¶ 18.) The website also features a login portal and phone numbers visitors can call for additional information. (Id.) Plaintiffs do not allege that a user may buy products, sell products, or make payments on the website. (See generally id.)

Dodd's website "probably falls between being interactive and passive, particularly because the website provides contact information." Cadle Co., 123 F. App'x at 678. It should be noted that interactivity is a sliding scale and a website may be "passive even when it contains information regarding a company's products and services and displays the company's contact information." McGill Tech. Ltd. v. Gourmet Techs., Inc., 300 F. Supp. 2d 501, 507 (E.D. Mich. 2004). The single element that turns Dodd's passive website into a somewhat interactive website is the feature allowing for users to log in and set up an account. (ECF No. 39 at PageID 204.) However, Plaintiffs have not pled that Dodd's website will "allow a visitor to the site to purchase products or otherwise directly transact business over the site." Id; see also See, Inc. v. Imago Eyewear Pty, Ltd., 167 F. App'x 518, 521 (6th Cir. 2006) (describing the holding in McGill as being "that the defendants' website was passive even though the website provided contact information because it was not possible for users to purchase products through the website.") "The law does not require that people avoid using the internet altogether in order to avoid availing themselves of the laws of every state." Cadle Co., 123 F. App'x at 679 (citing Revell v. Lidov, 317 F.3d 467, 473 (5th Cir.

7

2002)).  Lacking assertions that Dodd enters into contracts, makes sales, or even allows for payments through its website, the Court cannot find that Dodd is subject to personal jurisdiction on the basis of its website.

>    ii.   *Dodd's Other Contacts are Insufficient to Confer Jurisdiction*

Simply being physically proximate to a forum is insufficient to establish specific jurisdiction.  The sale of a vehicle to Tennessee citizens is also insufficient.  "The question is whether a defendant has followed a course of conduct directed at the society or economy within the jurisdiction of a given sovereign." J. McIntyre Mach. v. Nicastro, 564 U.S. 873, 884 (2011).  "The placement of a product into the stream of commerce, without more, is not an act of the defendant purposely directed toward the forum State." Bridgeport Music, 327 F.3d at 479–80.  While Plaintiffs do plead that "Dodd purposefully directed their advertisement" towards decedents, they have not sufficiently pled facts establishing that Dodd took any affirmative action in marketing or selling their products in Tennessee. (ECF No. 39 ¶ 45.)  This is not a case in which a corporation has "systematically served a market in [Tennessee] for the very vehicle[] that the plaintiffs allege malfunctioned" in Tennessee, it is a suit against a dealer that sells vehicles in a foreign jurisdiction.  Ford Motor Co. v. Montana Eighth Jud. Dist. Ct., 141 S. Ct. 1017, 1028 (2021).  Viewing the facts in the light most favorable to the Plaintiffs, the instant case consists of a single known purchase by Tennessee residents of a single vehicle in Alabama from an Alabama company.  Plaintiffs have failed to plead that Dodd "specifically marketed its product to Tennesseans directly or indirectly or that [Dodd] otherwise specifically directed any sales to occur in Tennessee." One Media IP Ltd. v. S.A.A.R. SrL, 122 F. Supp. 3d 705, 718 (M.D. Tenn. 2015).

    B.  *Whether the Cause of Action Arises from Tennessee Contacts and Whether Tennessee Has an Interest in Resolving This Conflict*

"As we find that the first prong is not satisfied, analysis of the second and third prongs is unnecessary." <u>See, Inc.</u>, 167 F. App'x at 523 (6th Cir. 2006) (citing <u>LAK, Inc.</u>, 885 F.2d at 1303). As Plaintiffs have not made out "a prima facie showing of the court's personal jurisdiction over the defendant," Defendant's Motion to Dismiss is **GRANTED**. <u>Intera Corp.</u>, 428 F.3d at 615.

## IV.  CONCLUSION

For each of the reasons set forth above, Plaintiff has failed to satisfy its burden of showing that jurisdiction over Dodd is appropriate. Dodd's Motion to Dismiss is **GRANTED** for lack of personal jurisdiction.

**SO ORDERED**, this 12th day of May, 2023.

                                     /s/ Jon P. McCalla
                                     JON P. McCALLA
                                     UNITED STATES DISTRICT JUDGE