IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ANDREA N. SMITH, Personal Representative of the Estate of ANGELA H. PURNELL and TIFFANY S. GAILES, Personal Representative of the Estate of PAUL RAVEN PURNELL,<br><br>    Plaintiffs,<br><br>v.<br><br>HANNIGAN FAIRING CO., LTD., Operating under the assumed name of HANNIGAN MOTOR SPORTS and DODD SALES, LLC,<br><br>    Defendants. | Case No. 2:22-cv-02644-JPM-atc |

## ORDER GRANTING DEFENDANT HANNIGAN FAIRING CO., LTD'S MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendant Hannigan Fairing Co., Ltd.'s ("Hannigan Fairing") Motion for Summary Judgment, filed on February 9, 2023.[1]  (ECF No. 36.)  For the reasons discussed below, Hannigan Fairing's Motion for Summary Judgment is hereby **GRANTED**.

I.     BACKGROUND

     *A. Hannigan Fairing's Statement of Undisputed Facts and Plaintiffs' Answers*

Hannigan Fairing's Motion for Summary Judgment was filed on the same date as its Statement of Undisputed Material Facts.  (ECF No. 37.)  Plaintiffs Angela N. Smith, Personal Representative of the Estate of Angela H. Purnell, and Tiffany S. Gailes, Personal Representative

---

[1] Hannigan Fairing alone filed the instant Motion.  Dodd Sales, LLC filed a separate Motion to Dismiss (ECF No. 26) that was granted on May 12, 2023.  (ECF No. 59.)

of the Estate of Paul R. Purnell (collectively "Plaintiffs"), did not file any response to Hannigan Fairing's Statement of Undisputed Material Facts. Failure to respond to Hannigan Fairing's Statement of Undisputed Material Facts indicates "that the asserted facts are not disputed for purposes of summary judgment." L.R. 56.1(b); see also Fed. R. Civ. P. 56(e)(2). The Court therefore takes the entirety of Hannigan Fairing's Statement of Undisputed Material Facts as undisputed for the purpose of the instant Motion. See id.

B. Undisputed Facts

Plaintiffs bring suit on behalf of Angela and Paul Purnell (collectively "Decedents"), both deceased. (ECF No. 17 ¶¶ 1, 12; ECF No. 37 ¶ 8.) Decedents were involved in a fatal vehicular accident in Blount County, Tennessee on September 25, 2021. (Id. ¶ 10; ECF No. 37 ¶ 8.) On the date of the accident, Decedents were riding a 2008 Honda GL18 Goldwing motorcycle bearing VIN Number 1HFSC47F38A711124 (the "Goldwing"), which had been converted into a titanium-colored "trike" using a Hannigan kit. (ECF No. 37 ¶ 9–10.) Plaintiffs allege that this accident was the result of a brake failure and bring the instant suit against Hannigan Fairing as the designer and manufacturer of the trike kit on the theory of strict products liability. (ECF No. 17 ¶¶ 17–21.)

Hannigan Fairing designs, manufactures, markets, and sells kits that are used to converted two-wheeled motorcycles into three-wheeled "trikes." (ECF No. 37 ¶¶ 2, 5.) Hannigan Fairing also sells these kits to Hannigan Fairing dealers, who use them to convert motorcycles into trikes. (Id. ¶¶ 6–7.)

G&D Trikes of Tremont, Illinois ("G&D"), a former Hannigan Fairing dealer, purchased the Goldwing in 2008. (Id. ¶ 13.) G&D also purchased three titanium-colored trike kits for use in converting Honda GL18000 series motorcycles into trikes from Hannigan Fairing in 2008. (Id. ¶ 14.) On August 4, 2008, George D. Smith ("Mr. Smith") of Cave In Rock, Illinois purchased

2

the Goldwing from G&D. (Id. ¶ 15.) The certified title transfer documents maintained by the Illinois Secretary of State identified the Goldwing as a titanium colored "MCYTrike." (Id. ¶ 16.) The First National Bank of Tremont, a lienholder for the motorcycle, also lists the body of the Goldwing as an "MCY Trike" in a "used vehicle order" that accompanied the bank's loan. (Id. ¶ 17.)

Hannigan Fairing changed its logo in 2011 and has used its new logo on all trike kits manufactured after approximately March 3, 2011. (Id. ¶¶ 26–27.)

Mr. Smith passed away in 2016. (Id. ¶ 18.) William Buzbee ("Mr. Buzbee") then purchased the Goldwing from a person or persons who had inherited the vehicle from a deceased relative in Illinois, at which time it had been converted into a titanium-colored trike. (Id. ¶ 19.) Dodd Sales, LLC purchased the Goldwing from Mr. Buzbee on April 22, 2021. (Id. ¶ 21.) The Decedents purchased the Goldwing from Dodd Sales, LLC on May 6, 2021. (Id. ¶ 23.) A photograph taken of the Goldwing indicates that its trike kit displays the logo that Hannigan Fairing used prior to 2011. (Id. ¶26.)

C. Procedural Background

Plaintiffs filed the Complaint in the instant action on September 23, 2022. (ECF No. 1.) Plaintiffs filed an Amended Complaint on October 15, 2022. (ECF No. 17.) Defendant Dodd Sales, LLC filed a Motion to Dismiss for want of jurisdiction on November 30, 2022. (ECF No. 26.) The Court granted that motion and dismissed Defendant Dodd Sales, LLC on May 12, 2023. (ECF No. 59.)

As previously noted, Hannigan Fairing filed the instant Motion for Summary Judgment on February 9, 2023. (ECF No. 36.) Hannigan Fairing filed a Statement of Undisputed Material Facts (ECF No. 37) on that same date, along with the Affidavit of Ruth Hannigan (ECF No. 37-

1), a photograph of the Decedents and the Goldwing accompanied by the Affidavit of Nathaniel D. Moore (ECF No. 37-2), documents from the Illinois Secretary of State (ECF No. 37-3), documents from the First National Bank (ECF No. 37-4), the Obituary of Mr. Smith (ECF No. 37-5), the Declaration of Mr. Buzbee (ECF No. 37-6), the Certificate of Title for the Goldwing (ECF No. 37-7), and a photograph of the Hannigan Fairing logo on the Goldwing accompanied by the Tennessee Electronic Traffic Crash Report.  (ECF No. 37-8.)

Plaintiffs filed a Response in Opposition on March 4, 2023.  (ECF No. 43.) [2]

Hannigan Fairing filed a Reply on March 15, 2023.  (ECF No. 49.)

## II.    LEGAL STANDARD

A party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "A fact is 'material' for purposes of summary judgment if proof of that fact would establish or refute an essential element of the cause of action or defense."  Bruederle v. Louisville Metro Gov't, 687 F.3d 771, 776 (6th Cir. 2012).

"In considering a motion for summary judgment, [the] court construes all reasonable inferences in favor of the non-moving party."  Robertson v. Lucas, 753 F.3d 606, 614 (6th Cir. 2014) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).  "The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact."  Mosholder v. Barnhardt, 679 F.3d 443, 448 (6th Cir. 2012) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  "Once the moving party satisfies its initial burden, the burden shifts to the nonmoving party to set forth specific facts showing a triable issue of material fact."

---

[2] Plaintiffs initially filed a Response on March 3, 2023.  (ECF No. 42.)  Plaintiffs filed a second Response without comment and without motion on March 4, 2023.  (ECF No. 43.)  These two filings appear to be identical except that the second filing is spaced differently such that it appears longer than the first.  (See generally ECF Nos. 42, 43.)  The Court references the most recently filed Response alone for the purpose of clarity.

Mosholder, 679 F.3d at 448–49; see also Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 587. "When the non-moving party fails to make a sufficient showing of an essential element of his case on which he bears the burden of proof, the moving parties are entitled to judgment as a matter of law and summary judgment is proper." Martinez v. Cracker Barrel Old Country Store, Inc., 703 F.3d 911, 914 (6th Cir. 2013) (quoting Chapman v. UAW Local 1005, 670 F.3d 677, 680 (6th Cir. 2012) (en banc)) (internal quotation marks omitted).

In order to "show that a fact is, or is not, genuinely disputed," a party must do so by "citing to particular parts of materials in the record," "showing that the materials cited do not establish the absence or presence of a genuine dispute," or showing "that an adverse party cannot produce admissible evidence to support the fact." L.R. 56.1(b)(3); Bruederle, 687 F.3d at 776 (alterations in original) (quoting Fed. R. Civ. P. 56(c)(1)); see also Mosholder, 679 F.3d at 448 ("To support its motion, the moving party may show 'that there is an absence of evidence to support the nonmoving party's case.'" (quoting Celotex, 477 U.S. at 325)). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge[.]" Martinez, 703 F.3d at 914 (alteration in original) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). "[T]he district court has no 'duty to search the entire record to establish that it is bereft of a genuine issue of material fact.'" Pharos Capital Partners, L.P. v. Deloitte & Touche, 535 F. App'x 522, 523 (6th Cir. 2013) (per curiam) (quoting Tucker v. Tennessee, 539 F.3d 526, 531 (6th Cir. 2008), abrogation recognized by Anderson v. City of Blue Ash, 798 F.3d 338 (6th Cir. 2015)).

The decisive "question is whether 'the evidence presents a sufficient disagreement to require submission to a [fact finder] or whether it is so one-sided that one party must prevail as a

matter of law.'" Johnson v. Memphis Light Gas & Water Div., 777 F.3d 838, 843 (6th Cir. 2015) (quoting Liberty Lobby, 477 U.S. at 251–52). A party opposing a summary judgment motion "'may not rest upon the mere allegations or denials of [their] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial.'" Zakora v. Chrisman, 44 F.4th 452, 464 (6th Cir. 2022) (alteration in the original) (quoting Liberty Lobby, 477 U.S. at 248). "[A] mere 'scintilla' of evidence in support of the non-moving party's position is insufficient to defeat summary judgment; rather, the non-moving party must present evidence upon which a reasonable jury could find in her favor." Tingle v. Arbors at Hilliard, 692 F.3d 523, 529 (6th Cir. 2012) (quoting Liberty Lobby, 477 U.S. at 251). "[I]n order to withstand a motion for summary judgment, the party opposing the motion must present 'affirmative evidence' to support his/her position." Mitchell v. Toledo Hosp., 964 F.2d 577, 584 (6th Cir. 1992) (citing Liberty Lobby, 477 U.S. at 247–254; Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989)). "Conclusory assertions, supported only by Plaintiff's own opinions, cannot withstand a motion for summary judgment." Arendale v. City of Memphis, 519 F.3d 587, 605 (6th Cir. 2008) (citations omitted). Statements contained in an affidavit that are "nothing more than rumors, conclusory allegations and subjective beliefs" are insufficient. Mitchell, 964 F.2d at 584–85.

### III.     ANALYSIS

Tennessee's Product Liability Act of 1978 ("TPLA") establishes a ten-year repose period for product liability actions, running "from the date on which the product was first purchased for use or consumption." See Tenn. Code Ann. § 29-28-103(a); see also Jones v. Methodist Healthcare, 83 S.W.3d 739, 741 (Tenn. Ct. App. 2001) (describing the ten-year time limit within which a claim must be brought set by the TPLA as a repose period). In Tennessee, statutes of repose are substantive law. See id. at 743. Accordingly, Tennessee statutes of repose "must be

applied by a federal court sitting in diversity." Greene v. Brown & Williamson Tobacco Corp., 72 F. Supp. 2d 882, 886 (W.D. Tenn. 1999). It is appropriate to apply Tennessee law in the instant case. See Burns v. Taurus Int'l Mfg., Inc., 826 F. App'x 496 (6th Cir. 2020) (applying the TPLA where a product was originally purchased in Florida but the resulting tort occurred in Tennessee and the plaintiffs resided in Tennessee, as this result promoted uniformity of the application of laws and Tennessee had a "more significant relationship to [the] case than Florida"). It is also appropriate to consider the statute of repose on a motion for summary judgment. See, e.g., Penley v. Honda Motor Co., Ltd., 31 S.W.3d 181, 189 (Tenn. 2000) (affirming summary judgment in a case barred by the TPLA's statute of repose). The Court therefore applies the ten-year statute of repose set out in the TPLA in analyzing the instant Motion.

"Under Tenn. Code Ann. § 29–28–103(a), the triggering event for the ten-year statute of repose is the 'date on which the product was first purchased for use or consumption.'" Grant v. Kia Motors Corp., 185 F. Supp. 3d 1033, 1042 (E.D. Tenn. 2016) (quoting Wyatt v. A–Best Prods. Co., 924 S.W.2d 98, 102 (Tenn. Ct. App. 1995)). Hannigan Fairing asserts that the uncontested facts in the instant case establish that the Goldwing, and the kit that was used to convert the Goldwing into a trike, were "first purchased for use or consumption" over ten years ago. (See ECF No. 38 at PageID 195.)

There are a number of undisputed facts that support Hannigan Fairing's assertion that the trike was first purchased for consumption over ten years ago. G&D purchased the Goldwing motorcycle that the Decedents were driving when they experienced the accident at issue in 2008. (ECF No. 37 ¶ 13.) The Court understands the motorcycle to be the same vehicle because the VIN numbers are the same. (Id. ¶¶ 9, 13.) G&D purchased three titanium-colored trike kits for Honda GL 1800 series motorcycles from Hannigan Fairing in 2008. (Id. ¶ 14.) The trike kit used to

7

convert the Goldwing was also titanium in color. (Id. ¶ 10.) The Goldwing was then purchased from G&D by Mr. Smith on August 4, 2008. (Id. ¶ 15.) The Goldwing was identified in title transfer documents maintained by the Illinois Secretary of State as a titanium-colored "MCYTrike." (Id. ¶ 16.) The First National Bank of Tremont also lists the body of the Goldwing as an "MCY Trike." (Id. ¶ 17.) This term of identification, using the work "trike," along with the color, indicates that the Goldwing was converted into a trike by G&D in 2008 prior to its sale to Mr. Smith, using a kit purchased at that time from Hannigan Fairing. The Goldwing was then purchased by Mr. Buzbee in 2018, at which time it had already been converted into a titanium-colored trike using a Hannigan Fairing kit. (Id. ¶¶ 19–20.) This fact further supports the contention that the Goldwing was converted into a trike before its initial purchase by Mr. Smith. Finally, the Hannigan Fairing logo located on the trike kit used to convert the Goldwing is a logo that was last used in 2011. (Id. ¶¶ 26–27.) This also indicates that a Hannigan Fairing trike kit was purchased for use in converting the Goldwing over ten years ago.

Plaintiffs' arguments to the contrary are unavailing. Plaintiffs have not put forward any admissible evidence tending to show that the motorcycle or the trike kit was first purchased for consumption less than ten years ago. Plaintiffs' failure to present "'affirmative evidence' to support [their] position" is sufficient grounds to grant summary judgment in favor of Hannigan Fairing standing alone. Mitchell, 964 F.2d at 584 (citing Liberty Lobby, 477 U.S. at 247–254). Plaintiffs do argue, and Hannigan Fairing does not dispute, that the serial number of the Hannigan Fairing trike kit was not found on the Goldwing. (ECF No. 42 at PageID 242; ECF No. 49 at PageID 271.) Plaintiffs additionally argue, and Hannigan Fairing does not dispute, that two of the trike kits that G&D purchased in 2008 could not have been used to convert the Goldwing into a

8

trike, based on the assembly dates listed on their invoices.  (ECF No. 42 at PageID 242–43; ECF No. 49 at PageID 271–72.)

If the Court accepts, arguendo, that the Parties were not able to locate a Hannigan Fairing serial number on the Goldwing and that only one of the trike kits purchased by G&D in 2008 could have been used to convert the Goldwing into a trike, the evidence remains "so one sided that" Hannigan Fairing "must prevail as a matter of law."  Johnson, 777 F.3d at 843.  Hannigan Fairing has put forth an undisputed body of evidence indicating that the Goldwing was first sold in 2008 and was also converted into a trike using a titanium-colored trike kit in 2008.  Plaintiffs have only put forward a "scintilla" of evidence, and this evidence does not tend to show that the kit was purchased less than ten years ago.  Plaintiff's contentions merely cast the shadow of a doubt as to the precise purchase date of the Goldwing and the trike kit.  Tingle, 692 F.3d at 529.  The absence of a serial number for the trike kit is insufficient to rebut evidence of the date of purchase for use that Hannigan Fairing puts forward in contemporaneously recorded purchase documents, an affidavit, and the change of logo design.  The absence of a serial number on the Goldwing is not "evidence on which the jury could reasonably find for" Plaintiffs.  Shah v. Racetrac Petroleum Co., 338 F.3d 557, 566 (6th Cir. 2003.)

## IV. CONCLUSION

For the reasons set out above, Hannigan Fairing's Motion for Summary Judgment is hereby **GRANTED**.

**IT IS SO ORDERED**, this 15th day of June, 2023.

        /s/ Jon P. McCalla  
        JON P. McCALLA  
        UNITED STATES DISTRICT JUDGE